FILED BY _____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 AUG 23 PM 3: 18

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| ARTIS REESE a/k/a RAY CURTIS SMITH, | Ⅺ Ⅺ Ⅺ | |
| Plaintiff, | Ⅺ Ⅺ | |
| vs. | Ⅺ Ⅺ | No. 05-2272-Ma/P |
| SHELBY COUNTY, et al., | Ⅺ Ⅺ | |
| Defendants. | Ⅺ Ⅺ Ⅺ | |

ORDER CORRECTING THE DOCKET
ORDER TO COMPLY WITH PLRA
ORDER ASSESSING $250 FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Artis Reese a/k/a Ray Curtis Smith,[1] booking number 05106684,[2] an inmate at the Shelby County Criminal Justice Complex ("Jail")[3] in Memphis, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on April 12, 2005. The Clerk shall record the

[1]   Although the plaintiff filed this lawsuit under the name "Artis Reese," which is the name he was booked under, the complaint alleges that plaintiff's real name is Ray Curtis Smith. The Clerk is ORDERED to correct the docket to reflect the plaintiff's name as "Artis Reese a/k/a Ray Curtis Smith."

[2]   Although the complaint uses the booking number 03135688, the plaintiff is no longer incarcerated under that number. According to the Shelby County Sheriff's website, the plaintiff was booked under the new number on March 1, 2005. His RNI number is 291055. In order to facilitate the delivery of the plaintiff's mail, the Clerk is ORDERED to correct the docket to reflect his current booking number.

[3]   The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on ___B·26·05___

defendants as Shelby County; Shelby County Mayor A.C. Wharton; Shelby County Sheriff Mark Luttrell; Chief Jailer Coleman; Assistant Chief Jailer Moore; Lieutenant Henderson, who is described as the Unit Manager of the administrative segregation housing unit; Assistant Shift Commander Lieutenant Harrison; Sergeant Rudd, the floor sergeant of the administrative segregation housing unit; Officer M. Clark of the Gang Unit (# 06543); Officer Hinton (# 5446); Officer T. Jefferson (# 6497); Officer B. Draper (# 6081); Officer T. Mimms (# 6074); Officer S. Tyson (# 6327); and Nurse Haywood.

I.   Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), a prisoner bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).[4] The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, the plaintiff has properly completed and submitted both an in forma pauperis affidavit containing a certification by the trust fund officer. Although the plaintiff has not submitted a trust fund account statement, the information supplied by the plaintiff is sufficient to permit assessment of the filing fee. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out

---

[4]   Effective March 7, 2005, the civil filing fee was increased to $250 from $150.

this order. It is ORDERED that, within thirty (30) days of the entry of this order, plaintiff file a trust fund account statement for the six months prior to the commencement of this action. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account, and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that, after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

3

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Jail Director to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. §

1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II.  Analysis of Plaintiff's Claims

The complaint asserts that, on November 10, 2004, the plaintiff was physically assaulted by defendants Clark and Hinton while he was restrained by handcuffs. Defendant Rudd was allegedly present at the beginning of the incident and ordered the officers to "kick [plaintiff's] butt." Defendants Jefferson, Draper, Mimms, and Tyson were also allegedly present, as was an Officer C. Lewis (# 6241), who is not a party to this action. As a result of the assault, the plaintiff contends he sustained a swollen eye, a broken finger, major neck and back pains, leg pain, severe headaches, and pain in his hand.

Plaintiff contends he was escorted to the medical clinic and seen by defendant Haywood, who did not treat his injuries appropriately. Haywood only flushed out his eyes, which had been sprayed by mace, but did not do an injury sheet or treat his other injuries.

The complaint alleges that, on November 11, 2004, plaintiff submitted a health service request form because of his injuries. Plaintiff was allegedly seen by Nurse Aletha Reebamonte, who is not a party to this action, on November 24, 2004. The nurse denied the plaintiff's request for x-rays and a medical examination by a doctor. She said the only treatment she could offer was Tylenol for five days. Plaintiff subsequently submitted another health service request form, but received no response. Dr.

Stipanuk, the doctor at the Jail, allegedly ordered an x-ray of the plaintiff's finger on March 24, 2005.

The complaint also alleges, without elaboration, that "my right's [sic] to an attorney call was denied on 11.26.04 by the floor sergeant," who is presumably defendant Rudd. Later in the complaint, the plaintiff clarified that defendant Rudd allegedly refused to sign a grievance. The plaintiff spoke with a counselor about the steps he needed to take to press criminal charges against the officers who assaulted him. Although he allegedly followed those steps, which are set forth in a document that is attached to the complaint, he received no assistance from unspecified persons.

Next, the complaint alleges as follows:

> I were forced to sign for some time on an assault because of the threats and constant attacks on me. I did inform the attorney who were appointed to my case about the assault, and she said it will be better if I sign under <u>Alford v. North Carlina</u> [sic], so I will be able to state my case, and be herd [sic] because the way I'm being treated is not right. (Attorney D. Gulies P.D.)

Although this allegation is not clear, it appears that the plaintiff contends he was forced to plead guilty to some criminal charge (which may or may not be related to the alleged assault by defendants Clark and Hinton) because of the allegedly intolerable conditions at the Jail. Attached to the complaint is a copy of a judgment from the Shelby County General Sessions Court, dated January 10, 2005, reflecting that Reese a/k/a Smith, having been found guilty of assault, was sentenced to seven (7) months imprisonment in the Shelby County Corrections Center. That document

indicates that the offense was committed on November 17, 2004, one week after the alleged assault at issue in this action.

The plaintiff seeks $1.5 million in damages.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Id. at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in

7

a timely manner to a grievance), cert. denied, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust those remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. Jones Bey v. Johnson, No. 03-2331, 2005 WL 1120283, at *3-*6 (6th Cir. Apr. 27, 2005) (to be published in the Federal Reporter).

In this case, the plaintiff has not satisfied his burden of demonstrating, through particularized averments, that he exhausted his administrative remedies as to any of his claims. The plaintiff submitted a copy of a grievance (Grievance No. G-099289) on or about December 13, 2004, concerning the alleged assault by defendants Clark and Hinton. The matter was deemed grievable on or about December 15, 2004. "Grievable" is defined on the form as "[m]eets policy requirements to be investigated." The complaint is

8

silent as to the result of any investigation or hearing.[5] The complaint also is silent as to any efforts by the plaintiff to exhaust his claims against defendant Rudd, who allegedly ordered the assault, against defendants Jefferson, Draper, Mimms, and Tyson, who witnessed the assault and did not intervene to protect the plaintiff, and against defendant Haywood, who allegedly provided inadequate medical care. Moorer v. Price, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her); Thomas v. Woolum, 337 F.3d 720, 733-34 (6th Cir. 2003); Curry, 249 F.3d at 504. Likewise, there is no indication that the plaintiff exhausted his claims against defendants Luttrell, Coleman, Moore, Henderson, Harrison, and Rudd.

The Sixth Circuit recently stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief

---

[5]     Although the complaint alleges that the plaintiff complained about the assault to defendant Wharton, Congressman Harold Ford, Jr., and various Jail officials, those complaints have no bearing on the plaintiff's compliance with 42 U.S.C. § 1997e(a). The Sixth Circuit has held that internal affairs investigations are no substitute for the filing of a formal inmate grievance. Curry, 249 F.3d at 504 ("an investigation by a prison Use of Force Committee will not substitute for exhaustion through the prison's administrative grievance procedure"); Freeman v. Francis, 196 F.3d at 644-45 (investigation by prison Use of Force committee and state highway patrol insufficient). Similarly, an inmate's letters and petitions are no substitute for an inmate grievance. Shephard v. Wilkinson, 27 Fed. Appx. 526, 527 (6th Cir. Dec. 5, 2001) ("While Shephard asserts that he has raised his complaints in numerous letters to prison and public officials, a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claims."); Hewell v. Leroux, 20 Fed. Appx. 375, 377 (6th Cir. Sept. 21, 2001) (same); see also Clark v. Beebe, No. 98-1430, 1999 WL 993979, at *2 (6th Cir. Oct. 21, 1999) (district court erred in holding that prisoner had substantially complied with exhaustion requirement by writing a letter to the U.S. Attorney's office that eventually made its way to the warden of plaintiff's prison).

may be granted, and his complaint must be dismissed <u>sua</u> <u>sponte</u>."
<u>Baxter</u>, 305 F.3d at 489. Moreover, pursuant to the recent decision
in <u>Jones Bey</u>, a district court must dismiss any complaint that
contains unexhausted claims rather than attempting to sever the
exhausted claims. Accordingly, the Court DISMISSES the complaint in
its entirety, without prejudice, pursuant to 42 U.S.C. § 1997e(a).[6]

III. <u>Appeal Issues</u>

The next issue to be addressed is whether plaintiff
should be allowed to appeal this decision <u>in</u> <u>forma</u> <u>pauperis</u>.
Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be
taken <u>in</u> <u>forma</u> <u>pauperis</u> if the trial court certifies in writing
that it is not taken in good faith.

The good faith standard is an objective one. <u>Coppedge v.
United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in
good faith if the issue presented is frivolous. <u>Id.</u> Accordingly, it
would be inconsistent for a district court to determine that a
complaint should be dismissed prior to service on the defendants,
yet has sufficient merit to support an appeal <u>in</u> <u>forma</u> <u>pauperis</u>.
See <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).
The same considerations that lead the Court to dismiss this case
for failure to state a claim also compel the conclusion that an
appeal would not be taken in good faith.

---

[6]     As the Sixth Circuit has explained, "If the plaintiff has exhausted
his administrative remedies, he may always refile his complaint and plead
exhaustion with sufficient detail to meet our heightened pleading requirement,
assuming that the relevant statute of limitations has not run." <u>Baxter</u>, 305 F.3d
at 489.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[7] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this __22d__ day of August, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[7]     Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

11

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02272 was distributed by fax, mail, or direct printing on August 26, 2005 to the parties listed.

---

Artis Reese
SHELBY COUNTY JAIL
03135688
201 Poplar Avenue
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT